UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FOUAD DAOU, | ) |
| Plaintiff, | ) Case No. 2:11-cv-01385-PMP-GWF |
| vs. | ) **ORDER** |
| RIAD ("RICK") ABELSON, *et al.*, | ) Motion to Strike Fugitive Pleading (#45) |
| Defendants. | ) |

This matter comes before the Court on Plaintiff's Motion to Strike Fugitive Pleading (#45), filed on March 15, 2012; Opposition to Plaintiff's Motion to Strike Fugitive Pleading (#50), filed on March 30, 2012; and Plaintiff's Reply to Opposition to Motion to Strike Fugitive Pleading (#51), filed on April 20, 2012.

Plaintiff requests the Court strike Defendant Riad Abelson's Answer to Amended Complaint, Counterclaim and Third Party Complaint (#37) and all related filings, arguing that the pleading is improper. Abelson was an original defendant and previously filed his Answer (#23) on October 10, 2011. Plaintiff argues that Abelson should have included all counterclaims and filed a third party complaint with his original answer. Plaintiff contends that because Abelson did not seek leave of Court or the Plaintiff's permission to file a counterclaim and third party complaint, Abelson's Answer to the Amended Complaint (#37) is a fugitive pleading that must be stricken from the docket. Defendants however argue that the Amended Answer (#37) was properly filed in response to Plaintiff's Amended Complaint (#35), and there is no prejudice to Plaintiff in allowing the pleading to stand.

. . .

**DISCUSSION**

If a defendant files the third-party complaint more than 14 days after serving its original answer, the defendant must, by motion, obtain the court's leave to file its third-party complaint. Fed. R. Civ. P. 14(a)(1). "The decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court." *Southwest Administrators, Inc. v. Rozay's Transfer,* 791 F.2d 769, 777 (9th Cir. 1986) (citing *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir.1983)). In deciding whether to allow a third-party complaint, courts find it helpful to consider: "(1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead." *See Irwin v. Mascott*, 94 F.Supp.2d 1052, 1056 (N. D. Cal. 2000); *see also Zero Tolerance Entm't, Inc. v. Ferguson*, 254 F.R.D. 123, 127 (C. D. Cal. 2008).

Likewise, counterclaims should be asserted in response to the original pleading. Fed. R. Civ. P.13(a). If a counterclaim should have been asserted in response to the original pleading, it must be treated as an omitted counterclaim pursuant to Rule 13(f) of the Federal Rules of Civil Procedure. Rule 13(f) states that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires the pleader may by leave of court set up the counterclaim by amendment." Fed. R. Civ. P. 13(f).

Rule 15(a) states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In interpreting Rule 15(a), the Supreme Court has stated that:

> [i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

The language of Fed. R. Civ. P. 13 and 14 indicate that Defendants Abelson should have filed his counterclaim and third party complaint in response to the original answer. There is however conflicting authority as to whether a defendant can assert a counterclaim in response to an amended complaint. *See* 27A Fed. Proc., L.Ed. § 62:266 (2008) (where a complaint is amended

under the provisions governing amendments before trial, "defendants do not need leave to serve new counterclaims or to assert new defenses"); compare *Elite Entertainment, Inc. v. Khela Bros. Entmt.*, 227 F.R.D. 444, 447 (E.D. Va. 2005) (amended response may be filed without leave only when amended complaint changes theory or scope of case); *Lobo Recording Corp. v. Waterland*, 197 F.R.D. 23, 26 (E.D.N.Y. 2000) ("ample authority demonstrating that amending a complaint to allege new causes of action ... constitutes a basis for asserting new counterclaims"); *Tralon Corp. v. Cedarapids, Inc.*, 966 F.Supp. 812, 832 (N.D. Iowa 1997) (new counterclaim permitted to be added without leave of court when amended complaint expanded both factual allegations and claims); *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 419 (D. Del. 1970) ("Since the amending pleader chooses to redo his original work, and receives the benefit of this nunc pro tunc treatment, he can hardly be heard to complain that claims filed against him are improper because they should have been asserted in response to his original pleading."), with *Chrysler Corp. v. Fedders Corp., 540 F.Supp.* 706, 712–13 (S.D.N.Y. 1982) (defendant had no right to serve new counterclaims with amended answer and court refused leave to add new counterclaims when delay and prejudice to plaintiff existed).

When the amended complaint alleges new causes of action or changes the theory or scope of the case, it seems logical that defendants would have a right to assert new counterclaims in response to the amended complaint. Here, Plaintiff's Amended Complaint (#35) expanded the scope of the litigation to the extent that it added an additional defendant, Akram H. Abolhosen. Because the Amended Complaint (#35) did not allege new causes of action or change the scope or theory of the case, Abelson did not have the right to assert his counterclaim.

Fed. R. Civ. P. 15 states however that the court should freely give leave to amend when justice so requires. The Court therefore has the discretion to allow Abelson's counterclaims and third party complaint despite their untimeliness. *See* Fed. R. Civ. P. 15; and *Collection Center, Inc. v. Bydal*, 795 N.W.2d 667, 678 (N.D. 2011) (allowing a defendant to add new counterclaims without requesting leave of court when a plaintiff files an amended complaint). When determining whether to allow a party to add a counterclaim or third party complaint, the Court must consider the prejudice to Plaintiff. *See Chrysler Corp. v. Fedders Corp.*, 540 F.Supp. at 714 (prejudice is the

3

central issue when exercising judicial discretion in allowing or striking the recently alleged counterclaims); *Mun. Revenue Servs., Inc. v. XSPAND, Inc.*, 2006 WL 91358 (M.D. Pa. 2006); and *See Irwin v. Mascott*, 94 F.Supp. 2d 1052, 1056 (the court should consider prejudice to Plaintiff when deciding to allow third party complaint).

At this stage of the litigation, allowing Abelson's counterclaim and third party complaint does not appear to prejudice the Plaintiff. Plaintiff recently added a new party to this litigation. Abelson's counterclaim and third party complaint was brought jointly with the added Defendant and therefore will not likely cause any additional trial delay. Further, judicial economy supports that Abelson's counterclaims be tried at the same time as the Defendants' other claims. Although the discovery deadline was April 6, 2012, the Court has previously stated that it will extend the discovery period pending decision on this motion. The Court therefore finds that allowing Abelson's counterclaim and third party complaint to stand will not cause undue delay or unduly prejudice the Plaintiff. Plaintiff's motion is therefore denied. Further, the Court orders the parties to submit a proposed discovery plan/scheduling order for the Court's review. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Fugitive Pleading (#45) is **denied**.

**IT IS FURTHER ORDERED** that the parties shall submit to the Court a proposed discovery plan/ scheduling order no later than **April 23, 2012.**

DATED this 13th day of April, 2012.

GEORGE FOLEY, JR.
United States Magistrate Judge