**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| FOUAD DAOU,<br><br>                       Plaintiff,<br><br>   v.<br><br>RIAD ("RICK") ABELSON, an individual; RICK A. ABELSON, managing member of DECATUR & ELDORADO PLAZA, LLC, a Nevada limited liability company; RICK A. ABELSON, managing member of PLUTO 2DR, LLC, a Nevada limited liability company; RICK A. ABELSON, managing member of VENUS 2DR, a Nevada limited liability company; SOURAYA L. ABELSON, an individual; MAYSOUN FLETCHER, an individual; AKRAM H. ABOLHOSEN, an individual; and NAJWAS ABAZAKI, an individual,,<br><br>                       Defendants.<br><br>AND ALL RELATED COUNTERCLAIMS AND THIRD PARTY CLAIMS | Case No. 2:11-cv-01385-RFB-GWF<br><br>**<u>ORDER</u>**<br><br>Plaintiff's and Third Party Defendant's First Motion to Continue Trial (ECF No. 136) |

## I.    INTRODUCTION

Before the Court is a Motion to Continue Trial (ECF No. 136) filed by Plaintiff Faoud Daou and Third Party Defendant Donia R. Daou (collectively, the "Daous"). For reasons discussed below, the Daous' motion is denied.

Bench trial in this case is set to begin on November 4, 2014. The Daous, who currently reside in Lebanon, request that this Court continue the trial until at least January 2015 because (1) Fouad Daou has a work engagement that cannot be rescheduled and risks losing his job if he is made to travel to the United States for the trial, and (2) the Daous are unwilling to leave their

1  children alone in Lebanon for the duration of the trial due to "the current political and military
2  situation with the Islamic State" (ISIS) there.

3        Counterclaimants Riad Abelson and Akram H. Abolhosen oppose the Daous' motion.
4  They argue that (1) any references made by the Daous to a threat posed by ISIS are vague and
5  unsupported; (2) Fouad Daou travels regularly between Beirut and Saudi Arabia in the course of
6  his employment; (3) the Daous' children are all 18 or older and attend college, and one of them
7  lives in France; (4) Najwa Abouzaki (a former defendant in this action and now witness for
8  counterclaimants) has already booked travel from Lebanon for the trial; (5) any inconvenience or
9  risk posed by traveling to the United States for trial will be no different in the future if the
10 continuance is granted; and (6) Akram Abolhosen is 83 years old and a delay would cause him
11 harm that would not be justified by any benefit conferred by continuing the trial.
12 Counterclaimants also have provided to the Court a copy of Najwa Abouzaki's travel
13 reservations from Lebanon to the United States for the trial and Najwa Abouzaki's declaration
14 supporting many of their arguments.

16     **II.**    **LEGAL STANDARD**

17     District courts have broad discretion over whether to grant a continuance. United States
18 v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985); see also Danjaq LLC v. Sony Corp., 263 F.3d 942,
19 961 (9th Cir. 2001) ("A district court's decision regarding a continuance is given great
20 deference . . . ."). The decision to grant or deny a continuance is viewed in the context of the
21 circumstances presented by the particular case. Flynt, 756 F.2d at 1359; Ungar v. Sarafite, 376
22 U.S. 575, 589 (9th Cir. 1964). In reviewing denials of continuances, the Ninth Circuit has
23 identified four important factors to be considered: (1) the movant's diligence in preparing his
24 defense prior to the hearing date, (2) the likelihood that a continuance would have addressed the
25 need identified by the movant for the continuance, (3) the inconvenience posed by a continuance
26 to the court and the opposing party, including any witnesses, and (4) whether the movant was
27 prejudiced by denial of the continuance. Flynt, 756 F.2d at 1359. Additionally, the fourth
28 factor—a showing of prejudice—is mandatory. Danjaq LLC, 263 F.3d at 961.

### III. DISCUSSION

The Court finds that a continuance is not warranted in this instance. First, the Daous' motion, which does not cite to any case law governing continuances, provides insufficient facts to enable the Court to determine that a continuance is needed. In their one-paragraph explanation of reasons for the continuance, the Daous claim that Fouad has a job-related conflict that cannot be rescheduled and that he may face termination if forced to attend the trial as scheduled. However, the Daous have provided no evidence—in the form of affidavits, declarations, authenticated documents, or otherwise—to support this claim, nor have they shown that a continuance would resolve the conflict. The Daous also fail to provide any evidence that the situation involving threats posed by ISIS in Lebanon is "precarious enough" to justify the Daous' unwillingness to leave their children to travel to the United States for the trial, as is claimed in their reply. The Court has no evidence before it that the conflict involving ISIS has caused security risks in Lebanon or that any such risks would be lessened by granting a continuance.

Second, Counterclaimants argue in their response to the Daous' motion that a continuance would result in inconvenience to their witness. Counterclaimants have provided evidence that Najwa Abouzaki has already made travel reservations to come to the United States for the trial and will be leaving behind her two children, her ill husband, and her mother-in-law to do so. Further, Counterclaimants argue that the reasons given by the Daous for requesting a continuance will be no different in the future than they are today—an assertion left unaddressed by the Daous in their reply. The Court finds that the Daous have not overcome these concerns raised by Counterclaimants.

In sum, the Daous have not sufficiently shown that the denial of the requested continuance will cause them prejudice or that the granting of a continuance would resolve the issues they raise in their motion. The Daous also have not overcome Counterclaimants' showing that a continuance would inconvenience Counterclaimants and their witness. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Fouad Daou and Third Party Defendant Donia R. Daou's First Motion to Continue Trial (ECF No. 136) is **DENIED**.

1    **DATED** this 21st day of October, 2014.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**